Honorable Geo. H. Sheppard - page 3

as used in the appropriation bill, is a 'meeting of
members or delegates of a private organization, party,
club, society, or the like.' See our Opinion No. O-
1737. The character of the organization as 'private'
or 'official' depends, not alone upon its purpose,
but also upon its membership. The Constitution and
By-laws of the Association reveal that the associa-
tion is a 'private organization.'"

In Opinion No. O-1737, addressed to State Department
of Education, we differentiated as follows:

"Obviously it could not have been intended by
the Legislature that the restriction against paying
traveling expenses to conventions should apply to
authorized meetings called by agencies of govern-
ment for the purpose of accomplishing the functions
of government imposed upon them. To apply such a
construction would be to impute to the Legislature
the intent to paralyze by indirection the adminis-
tration of the very affairs of government for which
appropriations were made at length in Senate Bill
427 of the 46th Legislature. We are impelled,
therefore, to the conclusion that the Legislature
used the word 'convention' in its especial or popu-
lar, rather than its broad, significance, conveying
the idea, generally, of a meeting of members or dele-
gates of a private organization, party, club, society,
or the like, for the accomplishment of some common
object."

Texas Safety Association, Inc., is a private incorpora-
tion organized and maintained by persons interested in the gener-
al subject of safety through regulation, and is in nowise a State
agency or instrumentality, although its activities as a private
organization is in the general interest of the public welfare.

In Opinion No. O-2457 we advised you, as Comptroller of
Public Accounts, with respect to the specific construction of the
language, "which written opinion (of the Attorney General) shall
have been filed in advance with the State Comptroller", as fol-
lows:

"In respect to the question submitted, the above
language quoted from S. B. 427 is plain and unambigu-
ous. We note your statement that the argument is made
to you that the word 'advance', as used in the rider,

means in advance of payment and not in advance of making the trip. However, the language of the Act is too clearly otherwise. It simply admits of no other construction than that out of State expenses must not be incurred until the written statement of the Attorney General has been obtained and filed with the Comptroller advising that the <u>purpose</u> of the <u>proposed</u> trip is for State business purposes."

We reaffirm that holding.

We trust that what we have said satisfactorily answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN